ANGELA VIDAL, ESQ., #035591997
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
(908)884-1841 telephone
(908)213-9272 facsimile
Attorney for Plaintiff, Wallace Educational Holdings, LLC

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALLACE EDUCATIONAL HOLDINGS, LLC | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT |
| MARKEL INSURANCE COMPANY, PHILADELPHIA INSURANCE COMPANIES a/k/a PHILADELPHIA INDEMNITY INSURANCE COMPANY and HUNTINGTON LEARNING CENTERS, INC., | |
| Defendants. | |

Plaintiff, Wallace Educational Holdings, LLC, by way of Complaint for declaratory judgment, hereby states as follows:

**PARTIES**

1.  Plaintiff, Wallace Educational Holdings, LLC (hereinafter referred to as the "Plaintiff"), is a limited liability company of the State of North Carolina that owned and operated a Huntington Learning Centers franchise from 2006 until 2012.

2.  Defendant, Markel Insurance Company (hereinafter referred to as "Markel"), is an insurance company providing, among other things, commercial property and general liability insurance, to businesses. Upon information and belief, Markel is based in Richmond, Virginia and has offices in Springfield, New Jersey.

3. Defendant, Philadelphia Insurance Companies a/k/a Philadelphia Indemnity Insurance Company (hereinafter referred to as "PIIC"), is an insurance company providing, among other things, commercial property and general liability insurance, to businesses. Upon information and belief, PIIC is based in Bala Cynwyd, Pennsylvania and has offices in Ewing and Lawrenceville, New Jersey.

4. Defendant, Huntington Learning Centers, Inc. (hereinafter referred to as "HLC"), is a New Jersey corporation with a principal place of business in Oradell, New Jersey. HLC is a franchisor of tutoring centers that provide various types of academic tutoring.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332, as the parties are citizens of different states and the matter in controversy exceeds $75,000.

6. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §1391, as one of the Defendants is a resident of this judicial district and another Defendant has offices in this judicial district.

7. In addition, the lawsuit for which coverage under the subject policy is sought is currently pending in this judicial district.

## FACTS COMMON TO ALL COUNTS

8. In or about July 2007, PIIC issued commercial general liability policy number PHPK321523 to Plaintiff, which afforded general liability coverage for bodily injury and property damage, as well as for personal and advertising injury. This policy was in effect from July 31, 2007 through July 31, 2008 and from July 31, 2008 through July 31,

2009 (the "First PIIC Policy").  HLC was named as an additional insured under the First PIIC Policy.

9. In July 2009, PIIC issued commercial general liability policy number PHPK433057 to Plaintiff, which afforded general liability coverage for bodily injury and property damage, as well as for personal and advertising injury.  This policy was in effect from July 31, 2009 through July 31, 2010 (the "Second PIIC Policy").  HLC was also named as an additional insured under the Second PIIC Policy.

10. In July 2010, PIIC issued commercial general liability policy number PHPK589553 to Plaintiff, which afforded general liability coverage for bodily injury and property damage, as well as for personal and advertising injury.  This policy was in effect from July 31, 2010 through July 31, 2011 (the "Third PIIC Policy").  HLC was also named as an additional insured under the Third PIIC Policy.

11. In July 2011, Markel issued commercial general liability policy number 8502CC361494 to Plaintiff, which afforded commercial general liability coverage for bodily injury and property damage, as well as for personal and advertising injury.  This policy was in effect from July 31, 2011 through July 31, 2012 (the "Markel Policy").  HLC was named as an additional insured under the Markel Policy.

12. On June 14, 2012, HLC filed suit against Plaintiff in this Court.  HLC maintains in its suit that Plaintiff, one of its franchisees, engaged in improper and unlawful conduct by creating and operating an allegedly unauthorized, competing business from 2008 until 2012.  The matter is entitled "Huntington Learning Centers, Inc. v. Read-It, N.C., Inc., Wallace Educational Holdings, LLC, Sara Wallace, Ashley

Wallace, Brenda Wallace and Willie T. Wallace" and is assigned Case No. 2:12-cv-03598.

13. HLC's suit contains several claims against the Plaintiff, including a claim for trademark infringement which, admittedly, would not be covered under any of the PIIC Policies or the Markel Policy.

14. However, HLC's suit also alleges trade dress infringement, improper use of the HLC mark and materials in Plaintiff's advertising, misappropriation of the HLC system and materials and diversion of HLC customers, all of which would potentially be covered under the PIIC and Markel Policies.

15. HLC's suit also alleges breach of contract against Plaintiff, but Plaintiff's defense is that HLC acquiesced in the operation of the new business by Plaintiff and financially benefitted from such and, therefore, waived any breach of contract claim that may have existed.

16. Plaintiff notified both PIIC and Markel of the suit and, upon information and belief, provided both with copies of the Complaint and Exhibits thereto.

17. On August 29, 2013, PIIC issued a coverage determination letter indicating that it was denying both a defense and indemnity. According to PIIC, the claims in HLC's Complaint were not covered since they were not based on any "bodily injury", "property damage" or "personal and advertising injury" that would trigger coverage under the Policies.

18. Further correspondence has been exchanged between Plaintiff and PIIC regarding coverage under the PIIC Policies, but PIIC continues to maintain its position that none of HLC's claims would be covered under the PIIC Policies.

19. On July 30, 2014, Markel issued a coverage determination letter indicating that it also was denying both a defense and indemnity. According to Markel, HLC's claims were based on trademark infringement, which was excluded under the Markel Policy.

20. Further correspondence has also been exchanged between Plaintiff and Markel regarding coverage under the Markel Policy. Markel stated that it would re-examine the issue of whether coverage exists under the Markel Policy, but to date, no determination has been made by Markel.

## FIRST COUNT

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 above and incorporates them as if fully set forth at length herein.

22. The First, Second and Third PIIC Policies contain the following provisions:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
    ***

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

23. The First, Second and Third PIIC Policies define "personal and advertising injury" as injury arising out of the infringement of another's copyright, trade dress or slogan in an advertisement, among other things.

24. The First, Second and Third PIIC Policies define "advertisement" as follows:

**SECTION V-DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For purposes of this definition:

    **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication;…

25. The First, Second and Third PIIC Policies also contain the following exclusions, which PIIC maintains are relevant:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**f. Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

**i. Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights***

However, this exclusion does not apply to infringement, in your "advertisement" of copyright, trade dress or slogan.

26. HLC's suit includes allegations that Plaintiff infringed on its trade dress in the course of advertising, marketing and promoting the allegedly unauthorized business, a claim which would clearly be covered under the PIIC Policies.

27. In fact, the crux of HLC's claim is the establishment and promotion of the allegedly unauthorized business, as well as the diversion of customers as a result thereof. This could only be accomplished through advertisement of the business through various media.

28. In addition, HLC claims misappropriation of its "system" and "materials", which HLC maintains are proprietary. These "materials" and "systems" are more akin to copyrighted materials than trademarked materials and, therefore, comprise a claim which is potentially covered under the PIIC Policies.

29. None of the exclusions referenced by PIIC are applicable since Plaintiff's defense to HLC's suit is that HLC acquiesced in, and benefitted from, the allegedly competing business. Accordingly, there was no breach of contract and no "knowing" violation of HLC's rights.

WHEREFORE, Plaintiff demands judgment declaring that a defense and/or indemnity to HLC's suit is owed to Plaintiff by PIIC under the terms and conditions of the First, Second and Third PIIC Policies.

## SECOND COUNT

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 above and incorporates them as if fully set forth at length herein.

31. The Markel Policy contains the following provisions:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

    \*\*\*

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

32. The Markel Policy defines "personal and advertising injury" as injury arising out of the infringement of another's copyright, trade dress or slogan in an advertisement, among other things.

33. The Markel Policy defines "advertisement" as follows:

**SECTION V-DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For purposes of this definition:

    **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication;…

34. The Markel Policy also contains the following exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**f. Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

**i. Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights***

However, this exclusion does not apply to infringement, in your "advertisement" of copyright, trade dress or slogan.

35. HLC's suit includes allegations that Plaintiff infringed on its trade dress in the course of advertising, marketing and promoting the allegedly unauthorized business, a claim which would clearly be covered under the Markel Policy.

36. In fact, the crux of HLC's claim is the establishment and promotion of the allegedly unauthorized business, as well as the diversion of customers as a result thereof. This could only be accomplished through advertisement of the business through various media.

37. In addition, HLC claims misappropriation of its "system" and "materials", which HLC maintains are proprietary. These "materials" and "systems" are more akin to copyrighted materials than trademarked materials and, therefore, comprise a claim which is potentially covered under the Markel Policy.

38. None of the aforementioned exclusions are applicable since Plaintiff's defense to HLC's suit is that HLC acquiesced in, and benefitted from, the allegedly competing business. Accordingly, there was no breach of contract and no "knowing" violation of HLC's rights.

WHEREFORE, Plaintiff demands judgment declaring that a defense and/or indemnity to HLC's suit is owed to Plaintiff by Markel under the terms and conditions of the Markel Policy.

## THIRD COUNT

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 above and incorporates them as if fully set forth at length herein.

40. HLC is named as a Defendant in this litigation because it has an interest in the outcome of this proceeding by virtue of its pending lawsuit against Plaintiff for which coverage is sought.

WHEREFORE, Plaintiff demands judgment declaring that a defense and/or indemnity to HLC's suit is owed to Plaintiff by PIIC and Markel under the terms and conditions of their respective policies.

Dated: August 21, 2015

    /s Angela Vidal
By: Angela Vidal, Esq.
#035591997
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
Telephone (908)884-1841
Facsimile (908)213-9272

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, apart from the matter known as "Huntington Learning Centers, Inc. v. Read-It, N.C., Inc., Wallace Educational Holdings, LLC, Sara Wallace, Ashley Wallace, Brenda Wallace and Willie T. Wallace", Case No. 2:12-cv-03598, currently pending in this Court.  I also certify that, to the best of my knowledge, there are no non-parties known to Plaintiff that should be joined in this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  August 21, 2015

  /s Angela Vidal_____
By:  Angela Vidal, Esq.
#035591997
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
Telephone (908)884-1841
Facsimile (908)213-9272